Leigh O. Curran (# 173322)
lcurran@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Plaintiff
WELLS FARGO BANK, N.A.,
a national banking association

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>v.<br><br>H&D EASY CASH, INC., a corporation; ASHRAF M. ALY, an individual, also known as Ashrf M. Aly; KRUPA JAVERI, an individual; KETAN JAVERI, an individual; AVAK T. MIRAN MOSSES, an individual; AWATEF MOHAMED ABAS MOHARAM, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 2:14-CV-06156-JAK-CW<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF WELLS FARGO BANK, N.A. FOR DEFAULT JUDGMENT BY THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed with Declarations of Benita Sheffield, Leigh O. Curran, and Krupa Javeri]<br><br>DATE: April 27, 2015<br>TIME: 8:30 a.m.<br>COURTROOM: 750 (Roybal)<br><br>[*Assigned to the Hon. John A. Kronstadt*] |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

TO ALL PARTIES AND THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT on April 27, 2015 at 8:30 a.m., in above-referenced court located at 255 East Temple Street Los Angeles, CA 90012-3332 , Courtroom 750 - 7th Floor, the Honorable John A. Kronstadt presiding, plaintiff Wells Fargo Bank, N.A., ("Wells Fargo") will move, and hereby does move for entry of a default judgment in the amount of $701,479.47 in favor of Wells Fargo and against defendants H&D Easy Cash, Inc. ("H&D"), Avak T. Miran Mosses ("Mosses"), Ashraf M. Aly ("Aly"), and Awatef Mohamed Moharam ("Moharam") (collectively, the "defendants").[1] This motion is made pursuant to Fed. R. Civ. P. 55 and is based on the memorandum of points and authorities, the Declarations of Benita Sheffield ("Sheffield Dec."), Leigh O. Curran ("Curran Dec."), and Krupa Javeri ("Javeri Dec."), and the pleadings and papers on file with the Court.

Pursuant to L.R. 55-1, Wells Fargo states:

### DEFENDANT H&D EASY CASH, INC.

a.   Default was entered on September 11, 2014.  Dkt. #30.

b.   Default was entered pursuant to the complaint filed on August 6, 2014.  Dkt. #1.

c.   H&D is a corporation, and therefore, it is not an incompetent person. Wells Fargo has never received notice that this defendant is represented by a receiver or other representative (Sheffield Dec., ¶ 20), nor has a search of court records revealed the appointment of any such representative (Curran Dec., ¶ 2-3).

---

[1] On February 20, 2015, Wells Fargo's counsel was contacted by Thaddeus Culpepper, who stated that he represented defendant Awatef Moharam, that she had been out of the country, and that she desired to appear in the action. Wells Fargo's counsel has signed a stipulation to set aside her default, but as of the filing of this motion, the stipulation has not been filed. In the event that the Court sets aside Ms. Moharam's default, Wells Fargo will withdraw the portion of this motion that pertains to her. Curran Dec., ¶ 18.

    d.    The Servicemembers Civil Relief Act (50 U.S.C. App. § 52) does not apply because H&D is not a natural person.

    e.    H&D did not appear and therefore, no notice is required to be served on it under Fed. R. Civ. P. 55(b)(2).

### DEFENDANT AVAK T. MIRAN MOSSES

    a.    Default was entered on September 11, 2014.  Dkt. #31.

    b.    Default was entered pursuant to the complaint filed on August 6, 2014.  Dkt. #1.

    c.    Mosses is not believed to be an incompetent person, based on his execution of written agreements allowing him to act as an authorized signatory on a business account at Wells Fargo.  Sheffield Dec., ¶ 8; Dkt. #1, <u>Ex. C</u>.  Wells Fargo has never received notice that this defendant is represented by a general guardian, committee, conservator, or other representative (*id.*, ¶ 20), nor has a search of court records revealed the appointment of any such representative (Curran Dec., ¶ 4-5).

    d.    The Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply.  As of February 10, 2015, the Department of Defense did not possess any information indicating that Mosses is currently on active duty.  Curran Dec., ¶ 6.

    e.    Mosses did not appear and therefore, no notice is required to be served on him under Fed. R. Civ. P. 55(b)(2).

### DEFENDANT ASHRF ALY

    a.    The Clerk of the Court entered default against Aly on February 2, 2015.  Dkt. #53.

    b.    Default was entered pursuant to the complaint filed on August 6, 2014.  Dkt. #1.

    c.    Based on Aly's execution of agreements making himself an authorized signatory on a business account, Wells Fargo believes that Aly is not an

1  incompetent person. Sheffield Dec., ¶ 8; Dkt. #1, <u>Ex. C</u>. Wells Fargo has never
2  received notice that this defendant is represented by a general guardian, committee,
3  conservator, or other representative (*id.*, ¶ 20), nor has a search of court records
4  revealed the appointment of any such representative (Curran Dec., ¶ 7-8).

     d.    The Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. As of February 10, 2015, the Department of Defense did not possess any information indicating that Aly is currently on active duty. Curran Dec., ¶ 9.

     e.    Aly did not appear and therefore, no notice is required to be served on him under Fed. R. Civ. P. 55(b)(2).

## DEFENDANT AWATEF MOHARAM

     a.    The Clerk of the Court entered default against Moharam on February 2, 2015. Dkt. #53.

     b.    Default was entered pursuant to the complaint filed on August 6, 2014. (Dkt. No. 1).

     c.    Wells Fargo believes that Moharam is not an incompetent person. This belief is based on the fact that Moharam executed a power of attorney document and submitted it to Wells Fargo in connection with an agreement to lease a safe deposit box from Wells Fargo. Wells Fargo has never received notice that this defendant is represented by a general guardian, committee, conservator, or other representative (*id.*, ¶ 20), nor has a search of court records revealed the appointment of any such representative (Curran Dec., ¶ ).

     d.    The Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. In the safe deposit lease agreement Ms. Moharam submitted to Wells Fargo, she represented that her country of citizenship was Egypt, and that she was not a permanent resident of the U.S.

     e.    Moharam did not appear and therefore, no notice is required to be served on her under Fed. R. Civ. P. 55(b)(2). However, a courtesy copy of this

1 | motion is being served on the attorney who has stated that he represents her.
2 | Curran Dec., ¶ 18.

Respectfully submitted,

Dated: February 23, 2015

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:    /s/ Leigh O. Curran
     Leigh O. Curran
     lcurran@afrct.com
Attorneys for Plaintiff
WELLS FARGO BANK, N.A.

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1
1.  FACTUAL BACKGROUND ................................................................... 1
2.  JURISDICTION AND SERVICE OF PROCESS. ................................... 2
3.  DEFAULT JUDGMENT SHOULD BE ENTERED. .............................. 3
    A.  Risk of Prejudice To Wells Fargo. ................................................. 4
    B.  The Merits Of Plaintiff's Substantive Claim And Sufficiency Of The Complaint. ......................................................................... 4
        i.   Wells Fargo Has Asserted A Meritorious Claim For Breach Of Contract Against H&D, Aly, And Mosses. ............. 4
        ii.  Wells Fargo Has Asserted A Meritorious Claim For Fraud Against H&D, Aly, And Mosses. .......................................... 6
        iii. Wells Fargo Has Asserted A Meritorious Claim For Fraud Against Moharam Based On Her Furtherance Of The Conspiracy To Defraud Wells Fargo. ................................... 6
    C.  The Sum Of Money At Stake In The Action. ................................ 8
    D.  The Possibility Of A Dispute Concerning Material Facts. ............ 9
    E.  Whether The Default Was Due To Excusable Neglect ................. 9
    F.  The Strong Policy Underlying The Federal Rules Of Civil Procedure Favoring Decisions On The Merits. ........................... 10
4.  CONCLUSION ........................................................................................ 11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir. 1986) ............................................................... 4, 6, 8

*Fannie Mae v. Boyd*,
  2015 U.S. Dist. LEXIS 3365 (C.D. Cal. Jan. 12, 2015) ............................ 3, 4, 5

*J&J Sports Prod. v. Ramos*,
  2012 U.S. Dist. LEXIS 142786 (S.D. Cal. Oct. 1, 2012) ................................ 3

*Rouse v. Wachovia Mort., FSB*,
  747 F.3d 707 (9th Cir. 2014) ................................................................... 2

*Tate v. Molina*,
  2015 U.S. Dist. LEXIS 3607 (C.D. Cal. Jan. 9, 2015) .......................... 4, 6, 7, 8

*In re Tuli*,
  173 F.3d 707 (9th Cir. 1999) ................................................................... 2

**FEDERAL STATUTES**

28 U.S.C. § 1332 ............................................................................................ 2

**STATE STATUTES**

Cal. Comm. Code § 4207(a) ........................................................................... 6

**RULES**

Fed. R. Civ. P. 55-1 ........................................................................................ 3

Fed R. Civ. P. 55(b) .................................................................................... 3, 8

Fed. R. Civ. P. 55(b)(2) .................................................................................. 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. FACTUAL BACKGROUND

H&D was a check cashing service that, until June 2013, was owned by Krupa and Ketan Javeri ("the Javeris"). Javeri Dec., ¶ 2, 5. In or about August 2010, H&D opened a Business Checking Account #xxxxxxxxx5216 ("Account") with Wachovia Bank. Sheffield Dec., ¶ 5. H&D agreed to be bound by written account agreements. *Id.*, ¶ 6; Dkt. #1 (Complaint), Exs. A, B. Subsequently, Wachovia Bank became Wells Fargo.

In early June 2013, the Javeris sold H&D to Aly. Javeri Dec., Ex. 1. On or around June 3, 2013, the Javeris, Aly, and Mosses ("Mosses") executed an Addendum of Certificate of Authority, which removed the Javeris as authorized signers on the Account and added Aly and Mosses as authorized signers. Sheffield Dec. ¶ 8; Dkt. #1 (Complaint), Ex. C.

Between June and November 2013, defendants acquired possession of U.S. Treasury checks that were made payable to persons entitled to income tax refunds. Defendants deposited these checks into the Account after having allegedly cashed same for payees. Sheffield Dec., ¶ 9. Then, defendants would make large cash withdrawals. *Id.*, Ex. 1. This depositary activity took advantage of the lag in time that occurred between the time the funds were made available and the U.S. Treasury's discovery of the alleged fraud. *Id.*

By depositing the checks into the Account, the defendants represented that they were entitled to enforce the U.S. Treasury checks, that the signatures on the checks were authentic and authorized, and that the checks were not subject to any defense or claim in recoupment. Sheffield Dec., ¶ 10. Wells Fargo reasonably relied on their representations by crediting the Account and making funds available to defendants. *Id.*

When the U.S. Treasury discovered that a check with a questionable or allegedly fraudulent signature, it would make a claim to Wells Fargo for a refund.

Wells Fargo has paid these claims, and it continues to pay these claims. Sheffield Dec., ¶ 15. The damages it seeks in this case are calculated based on the amounts that it paid out to the U.S. Treasury. Id.

Wells Fargo has paid $668,523.87 to satisfy these claims. Sheffield Dec., ¶ 19; Ex. 2.

## 2. JURISDICTION AND SERVICE OF PROCESS.

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 173 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The Court has subject matter jurisdiction under 28 U.S.C. §1332 because the citizenship of the parties is diverse. Wells Fargo is a citizen of South Dakota. *Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that Wells Fargo Bank, N.A. "is a citizen only of South Dakota, where its main office is located" and finding that there was complete diversity between Wells Fargo and plaintiffs who were California residents). H&D was a California corporation with its place of business West Covina, California. Mosses was served at his residence in Glendale, California. Dkt. #12. Aly furnished an Arcadia, California address to Wells Fargo in documentation he submitted to Wells Fargo. Dkt. #1 (Complaint), Ex. G at 38 (power of attorney document)

Each of the defendants was properly served with the complaint. Dkt. #30, 31, 53 (defaults entered by clerk).

Service of process was properly accomplished on each of the defendants. H&D and Mosses were personally served with the summons and complaint. Dkt. #12, 13. Aly was served by publication. Dkt. #49.

3. **DEFAULT JUDGMENT SHOULD BE ENTERED.**

"Rule 55(b)(2) authorizes a court to then enter a default judgment against the defaulting party." *Fannie Mae v. Boyd*, 2015 U.S. Dist. LEXIS 3365, *11-12 (C.D. Cal. Jan. 12, 2015). Local Rule 55-1 first requires the party seeking default judgment to submit a declaration stating (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). *Id.* (*citing* C.D. Cal. L.R. 55-1).

"Rule 55(b) grants the district court discretion to then grant default judgment against the defaulted party." *Fannie Mae*, 2015 U.S. Dist. LEXIS 3365 at *12 (*citing Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).

> In exercising its discretion, a court must consider several factors before entering default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Fannie Mae*, 2015 U.S. Dist. LEXIS 3365 at *12-13 (*citing Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("*Eitel* Factors"); *J&J Sports Prod. v. Ramos*, 2012 U.S. Dist. LEXIS 142786 (S.D. Cal. Oct. 1, 2012).

"Generally, the defendant's liability is conclusively established upon default

and the well-pleaded factual allegations in the complaint are accepted as true." *Fannie Mae*, 2015 U.S. Dist. LEXIS 3365 at *13 (*citing TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). "'The district court is not required to make detailed findings of fact' when entering default judgment." *Id.* (*quoting Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

### A. <u>Risk of Prejudice To Wells Fargo.</u>

"This factor considers whether plaintiff will suffer prejudice if default judgment is not entered." *Tate v. Molina*, 2015 U.S. Dist. LEXIS 3607 (C.D. Cal. Jan. 9, 2015) (holding that "plaintiff would suffer prejudice if default judgment is not entered because plaintiff 'would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery.'") (*citing Electra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

Here, Wells Fargo would be denied the right to judicial resolution of the claims alleged in the complaint if default judgment is not entered. It has no other recourse against defendants except in a court of law. Accordingly, Wells Fargo will suffer prejudice if default judgment is not entered.

### B. <u>The Merits Of Plaintiff's Substantive Claim And Sufficiency Of The Complaint.</u>

"'Under an [*Eitel*] analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.'" *Tate*, 2015 U.S. Dist. LEXIS 3607 at *5 (*quoting Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010)). "These two factors require a plaintiff to 'state a claim on which the [plaintiff] may recover.'" *Id.* (*quoting Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### i. <u>Wells Fargo Has Asserted A Meritorious Claim For Breach Of Contract Against H&D, Aly, And Mosses.</u>

Wells Fargo's cause of action for breach of contract is premised on the written account agreement that H&D entered into when it opened the Account.

In the Depository Authorization and Agreement Certificate executed by H&D's authorized representative, H&D agreed "to the terms and conditions of the Wachovia Deposit Agreement and Disclosures for Commercial Accounts . . . ." Sheffield Dec., ¶ 5-6; Dkt. #1 (Complaint), Ex. A.

In the Wachovia Deposit Agreement and Disclosures for Commercial Accounts ("Account Agreement"), the parties agreed:

> The words 'you,' 'your' and 'yours' as used in this Agreement mean the person, partnership, corporation, association, limited liability company or other entity that maintains one or more deposit accounts with us **including, but not limited to, all owners and signers on the account**.

Sheffield Dec., ¶ 6; Dkt. #1 (Complaint), Ex. B, § I.1 (emphasis added).

Aly and Mosses signed an Addendum to Certificate of Authority on June 3, 2013. Sheffield Dec., ¶ 8; Dkt. #1 (Complaint), Ex. C. They both signed the boxes for "Owner/Key Individual" and the boxes for "New Authorized Signer." *Id.* at 26. Thus, they undertook the contractual obligations under the Account Agreement.

Section 8 of the Account Agreement gave Wells Fargo different options when the Account contained insufficient funds to pay a check or other item, authorize a point-of-sale transaction (such as a withdrawal), or process an electronic transaction. The parties agreed that Wells Fargo could authorize the transaction "and create an overdraft and impose a service charge for paying the overdraft." *Id.* In such event:

> You agree to deposit sufficient funds to cover the overdraft and related service charge upon notice of the overdraft and to reimburse us for any costs we incur in collecting the overdraft from you including, without limitation, attorneys' reasonable fees . . . .

1  Sheffield Dec., ¶ 6-8; Dkt. #1 (Complaint), Ex. B, § 8.

2      H&D, Aly, and Mosses deposited U.S. Treasury checks into the Account and withdrew large amounts of cash from the Account. When the U.S. government detected the alleged fraud, Wells Fargo was forced to pay government claims for the amounts of those checks. Sheffield Dec., ¶ 11. An overdraft resulted. H&D, Aly, and Mosses all fell within the definition of "you" in the Account Agreement and were obligated to reimburse Wells Fargo for the amount of the overdraft. They have failed to do so. Accordingly, all three are liable to Wells Fargo for breach of contract.

    ii.    <u>**Wells Fargo Has Asserted A Meritorious Claim For Fraud Against H&D, Aly, And Mosses.**</u>

Wells Fargo's fraud claim against H&D, Aly, and Mosses is premised on their depositing in the Account checks bearing forged endorsements. By doing so, they falsely represented to Wells Fargo that they were entitled to enforce the U.S. Treasury checks, that the signatures on the checks were authentic and authorized, and that the checks were not subject to any defense or claim in recoupment. *See* Cal. Comm. Code § 4207(a). Wells Fargo reasonably relied on defendants' representation by crediting the Account and making funds available to defendants.

    iii.    <u>**Wells Fargo Has Asserted A Meritorious Claim For Fraud Against Moharam Based On Her Furtherance Of The Conspiracy To Defraud Wells Fargo.**</u>

Wells Fargo's fraud claim against Moharam is based on the existence of a conspiracy. Dkt. #1, ¶ 9. With fraud claims, there is no minimum amount of participation that a defendant must engage in to be liable for participation in a fraudulent scheme. Rather, "[a]ll conspirators are jointly liable for the acts of their co-conspirators." *De La Torre v. Icenhower*, 2010 U.S. Dist. LEXIS 75474, *7 (S.D. Cal. July 22, 2010) (*quoting Beltz Travel Serv., Inc. v. Int'l Air Transport Assoc.*, 620 F.2d 1360, 1367 (9th Cir. 1980). Nor does it matter for liability

reasons if a defendant joins in the fraudulent scheme late. *Indus. Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1343 (9th Cir. 1971) ("One who enters a conspiracy late, with knowledge of what has gone before, and with the intent to pursue the same objective, may be charged with preceding acts in furtherance of the conspiracy.")

"There are two specific elements of an action for civil conspiracy: (1) the formation and operation of the conspiracy and (2) damage resulting to plaintiff from an act or acts done in furtherance of the common design." *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 589 (C.D. Cal. 1998). "'The major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.'" *Id.* (*quoting Mox Incorporated v. Woods*, 202 Cal. 675, 677-78 (1927)).

Here, a conspiracy existed between Aly, Mosses, H&D, and Moharam.

On July 15, 2013, Aly began using bank services at Wells Fargo's branch in San Gabriel. Dkt. #1, Ex. C. (Addendum to Certificate of Authority).

On September 4, 2013, Moharam leased a safe deposit box from the same branch. Sheffield Dec., ¶ 9; Dkt. #1, Ex. E. Two days later, she executed a power of attorney granting Aly authority to the San Gabriel safe deposit box. Sheffield Dec., ¶ 11; Dkt. #1, Ex. F. About a month later, she leased a second box at the same branch. *Id.*, ¶ 10; Dkt. #1, Ex. G. In these documents, Moharam and Aly used the same address—an apartment in Arcadia.

Moharam's rental of the two boxes, followed almost immediately by her grant of a power of attorney to Aly and permission to use the boxes, coincided with Aly's massive cash withdrawals from the Account. In July 2013, Aly withdrew more than $180,000 from the Account, which included 15 withdrawals of $10,000 each and a single withdrawal of approximately $20,000. Sheffield Dec., Ex. 1

(statement for July 1, 2013-July 31, 2013). In August, Aly withdrew more than $300,000, which included 30 separate withdrawals of $10,000 each. *Id.* (statement for Aug. 1, 2013-Aug. 31, 2013). In September, Aly withdrew more than $325,000, which included 31 separate withdrawals of $10,000 each. *Id.* (statement for Sept. 1, 2013-Sept. 30, 2013).

Moharam's activities contributed to the common design of the conspiracy. She provided a convenient place for the other defendants to hide the funds they took from Wells Fargo. Accordingly, she is liable on the fraud claim as a co-conspirator.

### C. The Sum Of Money At Stake In The Action.

"Under the fourth *Eitel* factor, 'the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct.'" *Tate*, 2015 U.S. Dist. LEXIS 3607 at *10 (*quoting PepsiCo, Inc. v. California Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002)). "'The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable.'" *Id.* (*quoting Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 U.S. Dist. LEXIS 100237 (N.D. Cal. 2007)).

Here, Wells Fargo has identified the claims it paid as the result of defendants' depositary activity: $668,523.87. Sheffield Dec., Ex. 2. Wells Fargo has also substantiated its request for interest and attorneys' fees.[2] Curran Dec., Ex.

---

[2] In Section 40, the Account Agreement provides: "You agree to reimburse us for any loss, costs or expenses including, without limitation, attorneys' reasonable fees and the costs of litigation (to the extent permitted by law) that we incur as a result of any dispute involving your account, and you authorize us to deduct any such loss, costs, or expenses from your account without prior notice to you. This obligation includes any dispute between you and us involving the account and situations where we become involved in any dispute between you and an authorized signor, another joint owner, or a third party claiming an interest in the account. It also includes any situation where you, an authorized signor, another joint owner, or a third party takes action with respect to the account that causes us,

1  A.  Accordingly, the requested amount of $32,955.60 is reasonable.

   D.  **The Possibility Of A Dispute Concerning Material Facts.**

"Upon entry of default, the well-pled allegations in the complaint are taken as true, except those relating to damages." *Tate*, 2015 U.S. Dist. LEXIS 3607 at *12. (*citing TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). "In addition, '[t]he district court is not required to make detailed findings of fact.'" *Id.* (*citing Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)). In *Tate*, the district court found: "Since defendant never answered or otherwise appeared in this action, it is unclear whether there would be any genuine dispute over material facts." *Id.*

In this case, none of the defendants answered or appeared, so, as in *Tate*, it is unclear whether there would be any genuine dispute over material facts.

   E.  **Whether The Default Was Due To Excusable Neglect.**

"Excusable neglect is an equitable concept that takes account of factors such as 'prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Tate*, 2015 U.S. Dist. LEXIS 3607 at *12 (*quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). In *Tate*, the district court found "there is no evidence that defendant failed to defend this action due to excusable neglect." *Id.* The defendant had received notice of the complaint and the motion, but had "failed to respond or otherwise defend herself in this action. In short, this factor weighs in favor of default judgment." *Id.* at *12-13.

In this case, H&D and Mosses were personally served with the summons and complaint. Aly was served by publication after the Court granted Wells Fargo's application for leave to do so. Defendants failed to respond or otherwise

in good faith, to seek the advice of counsel, whether or not we actually become involved in a dispute."

1 defend themselves. Thus, there is no evidence of excusable neglect on defendants'
2 part, and this factor weighs in favor of default judgment.

### F. The Strong Policy Underlying The Federal Rules Of Civil Procedure Favoring Decisions On The Merits.

"'Cases should be decided upon their merits whenever reasonably possible.'" *Tate*, 2015 U.S. Dist. LEXIS 3607 at *13 (*quoting Eitel*, 782 F.2d at 1472). "However, 'this preference, standing alone, is not dispositive.'" *Id.* (*quoting Kloepping v. Fireman's Fund*, 1996 U.S. Dist. LEXIS 1786 (N.D. Cal. 1996)). In the case before it, the *Tate* court observed: "Defendant's failure to answer the Complaint makes a decision on the merits impractical, if not impossible." *Id.* (*citing PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). "Under Fed. R. Civ. P. 55(b), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* "The court, therefore, finds that entry of default judgment is appropriate in this action." *Id.*

This observation applies with equal force in this action. No adjudication on the merits could occur because none of the defendants answered Wells Fargo's complaint. Accordingly, entry of default judgment is appropriate.

Because the *Eitel* factors weigh in favor of default judgment, the Court should enter default judgment in favor of Wells Fargo and against defendants.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## 4. CONCLUSION

For the reasons stated above, Wells Fargo respectfully requests that default judgment be entered against defendants as follows:

| | |
|---|---|
| Claims paid by Wells Fargo | $668,523.87 |
| Attorneys' fees under § 40 of written account agreement | $32,955.60 |
| **Total requested judgment:** | **$701,479.47** |

Respectfully submitted,

Dated: February 23, 2015

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Leigh O. Curran
Leigh O. Curran
lcurran@afrct.com
Attorneys for Plaintiff
WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF MOTION AND MOTION OF PLAINTIFF WELLS FARGO BANK, N.A. FOR DEFAULT JUDGMENT BY THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

Thaddeus J. Culpepper
407 E. Woodbury Road
Pasadena, CA 91104

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on February 23, 2015.

| Kimberly A. Wooten | /s/ Kimberly A. Wooten |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |