1    Leigh O. Curran (# 173322)
      lcurran@afrct.com
2    ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3    199 South Los Robles Avenue, Suite 600
     Pasadena, California 91101-2459
4    Tel: (626) 535-1900 | Fax: (626) 577-7764

5    Attorneys for Plaintiff
     WELLS FARGO BANK, N.A.,
6    a national banking association

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

10

11   WELLS FARGO BANK, N.A., a            CASE NO.: 2:14-CV-06156-JAK-CW
     national banking association,
12                                        **DECLARATION OF KRUPA**
                 Plaintiff,               **JAVERI**
13
           v.
14
     H&D EASY CASH, INC., a
15   corporation; ASHRAF M. ALY, an       DATE:          April 27, 2015
     individual, also known as Ashrf M. Aly;   TIME:     8:30 a.m.
16   KRUPA JAVERI, an individual;         COURTROOM:     750 (Roybal)
     KETAN JAVERI, an individual; AVAK
17   T. MIRAN MOSSES, an individual;
     AWATEF MOHAMED ABAS             [*Assigned to the Hon. John A.*
18   MOHARAM, an individual; and DOES  *Kronstadt*]
     1-20, inclusive,
19
                 Defendants.
20

21
     / / /
22
     / / /
23
     / / /
24
     / / /
25
     / / /
26
     / / /
27
     / / /
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# DECLARATION OF KRUPA JAVERI

I, KRUPA JAVERI, declare as follows:

1.     I am over the age of 18.  I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

2.     My husband, Ketan Javeri, and I incorporated H&D Easy Cash, Inc. in 2010.

3.     We opened a business account for H&D (##2000046665216) (the "H&D Account") at a Wachovia Bank branch.

4.     While we owned H&D, the only authorized signers on the H&D Account were Ketan Javeri and me.

5.     In the spring of 2013, we were contacted by Ashraf Aly, who expressed interest in acquiring a check cashing company.  Before he contacted us, we had never met or spoken to Mr. Aly.

6.     We entered into an agreement for the purchase and sale of H&D. That agreement was memorialized in a Contract Memorandum of Agreement dated May 29, 2013.  A copy of the agreement is attached as <u>Exhibit 1</u>.

7.     Mr. Aly paid the purchase price by cashier's check.  A copy of the cashier's check is attached as <u>Exhibit 2</u>.

8.     On May 30, 2013, I surrendered H&D's check cashing license.  A copy of my letter to the Check Cashier Permit Program is attached as <u>Exhibit 3</u>.

9.     On May 31, 2013, I withdrew $16,081.88 from the H&D Account.  A copy of the check payable to Krupa Javeri is attached as <u>Exhibit 4</u>.

10.    After May 31, 2013, I did not withdraw any funds from the H&D Account, and I did not otherwise receive money from that account.

11.    After May 31, 2013, I did not make any deposits into the H&D Account.

12.   On June 3, 2013, Mr. Aly, Avak Mosses, my wife, and I went to a Wells Fargo branch.  We deleted my wife and me as authorized signers on the H&D Account.  Mr. Aly and Mr. Mosses were added as authorized signers.

13.   After June 3, 2013, I had no involvement with the operations of H&D.

14.   I did not see Mr. Aly or Mr. Mosses at any time after June 3.  The only communications we had were by telephone and concerned H&D's check cashing license.

15.   Other than the $25,000 purchase price that Mr. Aly paid for H&D, I have received no money from Mr. Aly.  I have received no money from Mr. Mosses, Awatef Moharam, or anyone else who I knew to be affiliated with them or H&D.

16.   I did not forge the signature of any payee onto any check.  I have never directed anyone to forge the signature of any payee onto any check.

17.   I have never deposited a check into the H&D Account that I knew to have a forged endorsement.  I have never directed anyone to deposit a check into the H&D Account that I knew to have a forged endorsement.  Other than what I know from reading Wells Fargo's allegations in the lawsuit, I have no knowledge that checks with forged endorsements were deposited into the H&D Account.

18.   Until the lawsuit was served on me, I was not aware that there was an overdraft on the H&D Account, and that H&D had failed to deposit funds to cover the overdraft.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration is executed on November  13 , 2014, at
_____Los Angeles_____, California.

KRUPA JAVERI

# EXHIBIT 1.

## CONTRACT MEMORANDUM OF AGREEMENT

This Contract Memorandum Of Agreement, is entered into by and between:

Ashrf Aly with mailing and business address at 344 South Glendora Avenue, West Covina CA 91790 (hereinafter, Aly):

- and -

Spouses Ketan Javeri and Krupa Javeri, with mailing and business address at 15701 Amar Road, la Puente, California 91744 (hereafter, Javeri),

and, under premises and representations herein stated, memorialized and prepared in writing, executed by the parties and, by which agreements, they both intend to be bound and are stated as follows:

### PREMISES AND REPRESENTATIONS

Aly and Javeri acknowledge and concede, as they hereby acknowledge and concede, the truth, validity and existence of the following facts as presented in these clauses:

WHEREAS, Javeri is the present 100% owner of all the shares of stock of H & D Easy Cash, Inc. (H & D) with valid Check Cashing licenses and permits to operate such business;

WHEREAS, Aly runs and manages his own business located in the City of Glendora and is an experienced businessman and is willing and able to secure necessary licenses and permits in order to qualify him to own, manage and operate a Check Cashing business;

WHEREAS, Javeri had also been licensed to undertake Gold Buying operations and Payday Loan Services business but have since surrendered their licences for these activities and therefore do not consider these activities and businesses as part of this Contract Memorandum;

WHEREAS, Aly is ready and able to purchase and buy the Check Cashing business of Javeri with the exclusion of the physical assets such as furnitures, fixtures and equipments including Javeri's Client List by way of purchasing the stocks of H & D Easy Cash, Inc.

### W I T N E S S E T H :

NOW THEREFORE, for and in consideration of mutual benefits acknowledged herein as received by both parties and, in consideration of the above premises and representations, Javeri and Aly hereby agree to be obligated and bound by this Contract Memorandum under the following terms and conditions:

1. The consummation of the terms of this Contract Memorandum shall be on or at the date of the execution and signing hereof or reasonably thereafter not to exceed three (3) calendar days.

2. All the Shares of Stock of H & D, Inc., which are all under the name to the spouses Ketan Javeri and Krupa Javeri, shall be endorsed in favor of Ashrf Aly or his nominee and the amount of compensation which shall be paid to Javeri by Aly shall be in the total amount of $25,000.00. Provided that, should the ownership of the Money Services Business (MSB) Account of H & D with Wells Fargo Bank not be transferred to Aly for one reason or the other, Javeri shall give back to Aly the amount of $24,400.00 only.

3. The entire amount of $25,000.00 shall be paid, tendered and delivered by Aly to Javeri at the same time that the Shares of Stock of H & D are delivered and given by Javeri to Aly. At the same time, if possible, or within reasonable time thereafter not to exceed one (1) day, Javeri shall facilitate (and/or deliver all necessary documents and papers needed for) the transfer the ownership of the Money Services Business (MSB) Account No. 200004665216 of H & D with the Wells Fargo Bank.

4.    Javeri hereby vouches and affirms that H & D. Easy Money, Inc. does not have any known liabilities nor are they aware of any. In this regard, it is understood and agreed that Javeri shall not be responsible for any liabilities that are to be incurred by H & D or of the said MSB Wells Fargo Bank account after the execution and consummation of this Contract Memorandum. Further to this, Javeri shall not be responsible for any denials, rejections or cancellation of the MSB Account of H & D after its ownership had been transferred to Aly. Lastly, as far as practicable, the said MSB Account shall have a Zero ($0.00) balance at the time of transfer of ownership.

5.    Aly shall be solely and fully responsible for securing all the licenses and permits for the operation of the Check Cashing Business and the responsibility of Javeri is merely to give counsel, guide and assistance on how such licenses and permits may be legAly secured. AdditionAly, Aly shall give out all necessary notices to any and all private and governmental offices and entities regarding the change of ownership and address of the H & D Easy Cash, Inc.

6.    This Memorandum contains the entire understanding and agreement between the parties thus far regarding the subject matters covered herein and may be later revised, modified or amended only if such revision, amendment or modification is made in writing by these same parties.

7.    Should any provision(s) in this Contract Memorandum of Agreement be held invalid or unenforceable for any reason, such shall not affect the remaining provisions hereof which shall continue to be valid and enforceable. If a court of competent jurisdiction finds that any provision(s) of this Contract Memorandum invalid or unenforceable but, by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed and enforced as so limited. The failure of either party to enforce any provision of this Memorandum shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel compliance with every provision of this Contract Memorandum which is to be construed and interpreted objectively as if drafted by an independent third party.

8.    This Agreement shall be governed by the Laws of the State of California and shall be binding on the heirs and assigns of the herein parties. The parties hereby agree that the venue of all suits and legal actions brought under this Contract Memorandum shall be in the State of California and that the non prevailing party shall be charged to pay all costs and Attorney's Fees of the prevailing party. Interest on all defaulted obligations shall be determined at the maximum legal rate allowed by the enforcing jurisdiction. In this Agreement, it should be noted that time is of the essence.

**SIGNED AND EXECUTED** in the City of La Puente, County of Los Angeles, State of California on the date indicated alongside the signatures of the herein parties set forth below.

SELLER(S)                                             BUYER

By: _____ 5/28/13        By: _____
KETAN JAVERI, Seller                                ASHRF Aly, Buyer
Dated :                                              Dated :

By: _____
KRUPA JAVERI, Seller
Dated :  5/29/13

Ketan Javeri, Krupa Javeri & Ashrf Aly has agreed to modify the clause 2 of agreement signed on 5/29/13 for purchasing H & D Easy Cash Inc.

Money shell be returned if no transaction has been made in Well Fargo Bank Account, but if any or all transactions made after 1st June 3, 2013 by Ashrf Aly or other account or stock holder then no money shell be returned. (Need to provide bank statement).

**Sellers**

Krupa Javeri

_Krupa Javeri 6/3/13_

Ketan Javeri

**Buyer**

Ashrf Aly

_6/3/13_

_2435. its price needs pay back in cash._

EXHIBIT 2.

262111107 NEW 01/06 88 0004306



**CASHIER'S CHECK**

1158024553   91-2 / 1221

Date   05/28/2013

**Remitter**   ASHRF ALY

**Pay:**   TWENTY FIVE THOUSAND DOLLARS AND 00 CENTS

**Pay To The Order Of**   KETAN CHANDRAKANT JAVERI

$   ********25,000.00 ***

Memo: _____

Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**

*Michael Andrews*

Senior Vice President
JPMorgan Chase Bank, N.A.
Phoenix, AZ

⑈1158024553⑈ ⑆122100024⑆ 806002234⑈

# EXHIBIT 3.



15701 Amar Road, La Puente, CA 91744
Tel: 909 569 7627; Email kcjaveri@hotmail.com

May 30, 2013

Attn: Ms. Sandy Wong
Check Casher Permit Program
P.O. Box 903387
Sacramento, CA 94203-3870

### SUB: SURRENDER OF CHECK CASHING LICENSE NO 12242001

Dear Ms. Wong:

This letter is to inform you that H & D Easy Cash Inc. corporation has been sold on May 29, 2013.

Here by H& D Easy Cash Inc, (Krupa Javeri & Ketan Javeri) is surrending the Original license **No 12242001**. Attached Please find the same.

New buyer will be contacting soon for license.

If you have any questions please call me on my cell: 909-569-7627. Or 909 -525- 6969

Thanks

Krupa Javeri, CEO

State Of California
Office of the Attorney General
Department of Justice

# CHECK CASHER PERMIT

In accordance with the provisions of Section 1789.37 of Title 1.6F of the
California Civil Code, this permit is granted to

## H & D EASY CASH, INC.

as owner of

## H & D EASY CASH, INC.

to conduct a check cashing business at

15701 AMAR ROAD
LA PUENTE, CA 91744

*(for m.l. Bate abl)*

Department of Justice Administrator
Signature and Title of Issuing Official

Inquiries should be addressed to:
Bureau of Criminal Information and Analysis
P.O.Box 903387
Sacramento, CA 94203-3870
(916)227-3250

Permit Number:      12242001
Date of Expiration:   11/5/2013

This Permit is not transferable, and must be visibly displayed on the business premise.
This permit does not affect the power of a city, county, or city and county to charge a fee
or tax upon the conduct of business specified above.

*CCP-01*

EXHIBIT 4.

| 0073178 | 11-24 | | | |
| Office AU # | 1210(8) | | | |

**CASHIER'S CHECK**

SERIAL #:  7317800873

ACCOUNT#:  4861-511483

Purchaser:          H & D EASY CASH INC
Purchaser Account:  2000046665216
Operator I D:.        cu002429         cu001147

PAY TO THE ORDER OF   ***KRUPA JAVERI***

May 30, 2013

***Sixteen thousand eighty-one dollars and 88 cents***          **$16,081.88**

WELLS FARGO BANK, N.A.
1150 S DIAMOND BAR BLVD
DIAMOND BAR, CA 91765
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER – IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO BANK MAY IMPOSE A FEE AND
REQUIRE AN INDEMNITY AGREEMENT AND BOND

VOID IF OVER US $   16,081.88

**NON-NEGOTIABLE**

**Purchaser Copy**

| 0073178 | 11-24 | | |
| Office AU # | 1210(8) | | |

**CASHIER'S CHECK**

7317800873

Operator I D  cu002429         cu001147

PAY TO THE ORDER OF   ***KRUPA JAVERI***

May 30, 2013

***Sixteen thousand eighty-one dollars and 88 cents***          **$16,081.88**

WELLS FARGO BANK, N.A.
1150 S DIAMOND BAR BLVD
DIAMOND BAR, CA 91765
FOR INQUIRIES CALL (480) 394-3122

VOID IF OVER US $   16,081.88

AUTHORIZED SIGNATURE

⑈7317800873⑈ ⑆121000248⑆4861 511483⑈

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

## DECLARATION OF KRUPA JAVERI

on the interested parties in said case as follows:

Thaddeus J. Culpepper
407 E. Woodbury Road
Pasadena, CA 91104

**Attorney for Defendant Awatef Mohamed Moharam**

☒   **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on February 23, 2015.

| Kimberly A. Wooten | /s/ Kimberly A. Wooten |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |